UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DONALD and SHARON HAMILTON,                         No. 10-14032

                                Debtor(s).
_____/

DONALD and SHARON HAMILTON,

                                Plaintiff(s),

        v.                                           A.P. No. 11-1044

TIMOTHY HAMILTON,

                                Defendant(s).
_____/

Memorandum After Trial
_____

      Plaintiff Timothy Hamilton is not related to defendants and Chapter 11 debtors in possession Donald and Sharon Hamilton. In this adversary proceeding Donald and Sharon Hamilton (hereafter, when not identifying them by their full names, "Plaintiffs"), exercising the bankruptcy estate's rights, seek to recover as preferential $39,195.92 in payments they paid to Timothy Hamilton (hereafter, when not identifying him by his full name, "Hamilton") during the year before their Chapter 11 filing. The parties have filed cross motions for summary judgment.

      In October 2005, Hamilton was a practicing attorney and represented Plaintiffs in a personal

1

injury action. Plaintiff Don Hamilton was a licensed real estate broker, and had acted as defendant Tim Hamilton's agent in a real estate transaction. They entered into a written partnership agreement, drafted by Tim Hamilton, which provided that in return for a payment of $105,375.81 Plaintiffs would quitclaim a 50% interest to Tim in a four-unit rental residence that they owned at 1285 Morgan Street, Sant Rosa, California. The agreement provided that Plaintiffs would manage the property and Tim Hamilton would provide legal services. Eventually, the property would be sold and the proceeds split. About a year later, the entered into a similar agreement regarding a separate property at 1921 Belmont Court, Santa Rosa, California

In September, 2008, Hamilton decided that Plaintiffs had cheated him and commenced action against them in state court. The action was settled in May, 2009, with Plaintiffs agreeing to pay Hamilton $90,000.00, in installments. Plaintiffs filed their Chapter 11 petition on October 20, 2010. During the 90 days prior to bankruptcy, Hamilton received two payments totaling $2,097.96, which were clearly preferential as they were on account of an antecedent debt, while Plaintiffs were insolvent, and allowed Hamilton to receive more than he is otherwise entitled. However, Plaintiffs argue that Hamilton was an insider, so they seek to recover all payments they made to Hamilton for the entire year before their bankruptcy filing.

Pursuant to § 547(b)(4)(B) of the Bankruptcy Code, a bankruptcy trustee (including, pursuant to § 1107(a), debtors in possession) may recover preferential payments made up to a year before bankruptcy "if such creditor at the time of such transfer was an insider." The term "insider" is defined in § 101(31) and includes general partners of the debtor. The main issue in this adversary proceeding is whether or not Hamilton was an insider *at the time of the transfers.*

Interestingly, in their brief in support of summary judgment Plaintiffs referred to Hamilton as "a former business partner." Only when Hamilton pointed out in his brief that being a former insider does not satisfy § 547(b)(4)(B) did Plaintiffs shift gears and decide that because there had been no formal partnership dissolution Hamilton was still a partner when he received the payments.

A former insider is no longer considered an insider for preference purposes when the insider

2

relationship has terminated, or at least when the transfer is no longer a function of or a result of the person's insider status. *In re American Eagle Coatings, Inc.,* 353 B.R. 656, 670 (Bkrtcy. W.D.Mo. 2006), and cases therein cited; *In re EECO, Inc.,* 138 B.R. 260, 265 (Bkrtcy.C.D.Cal.1992); *In re Henderson,* 96 B.R. 820, 824 (Bkrtcy.E.D.Tenn.1989). While Hamilton might remain liable to hypothetical creditors of the partnership by virtue of no formal dissolution, his status as a partner effectively terminated either when he sued Plaintiffs in state court or at least when the parties entered into the settlement agreement, which contained a mutual general release. There is no evidence that Hamilton's status as a former partner gave him any special leverage over other creditors, or that the settlement was not made at arm's length. Hamilton was accordingly not an insider when he received the settlement payments.

The court finds no merit to Hamilton's assertion that there was a contemporaneous exchange of new value because he released a lien. There is no evidence of a valid lien, let alone that it had value, and no evidence whatsoever that it was contemporaneous. Hamilton has not created a triable issue of fact, at least as to the payments he received within 90 days of the bankruptcy.

For the foregoing reasons, the court will grant Plaintiffs' motion for summary judgment in part, finding a recoverable preference in the amount of $2,097.96. Hamilton's counter-motion will be granted in part, as to any amounts sought in excess of that sum. Each side shall bear its own costs of suit. Counsel for plaintiffs shall submit an appropriate form of order and a form of judgment which has been approved as to form by counsel for Hamilton.

Dated: October 11, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

3